UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------

DONALD J. COON,

                              Plaintiff,

        - vs -                                           1:06-CV-0925 (DNH)(RFT)

KELLY KILGO, *et al.*,

                              Defendants.

--------------------------------------------------------------

U.S. DISTRICT COURT
N.D. OF N.Y.
FILED

SEP 28 2006

LAWRENCE K. BAERMAN, Clerk
UTICA

APPEARANCES:

DONALD J. COON
Plaintiff, *pro se*

DAVID N. HURD
United States District Judge

## DECISION and ORDER

Presently before this Court for review is a Complaint and an application to proceed *in forma pauperis* filed by Donald J. Coon ("plaintiff" or "Coon").[1] Coon has not paid the filing fee in this action. For the reasons stated below, plaintiff's Complaint must be dismissed.

In his *pro se* Complaint, Coon alleges that he was involved in an automobile accident on August 1, 2005 on Interstate 87, at the Woodbury Exit toll area. Plaintiff is suing the driver of the other car involved in the accident, insurance companies and insurance agencies involved in providing insurance coverage to the parties, and a car rental agency. Plaintiff alleges that the basis for bringing this action in this Court is diversity of the parties. For a complete statement of plaintiff's claims, reference is made to the entire Complaint filed herein.

---

[1] Plaintiff is a *pro se* litigator who has filed ten prior actions in this District.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a federal question is presented or when the parties are of diverse citizenship and the amount in question exceeds $75,000. It is well established that the Court may raise the question of jurisdiction *sua sponte*, and that where jurisdiction is lacking, "dismissal is mandatory." *United Food & Commercial Workers Union, Local 919, AFL-CIO v. Centermark Properties Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994); *see also* Fed. R. Civ. P. 12(h)(3).

Despite the plaintiff's allegation that the parties are diverse, Coon's Complaint does not establish a basis for diversity jurisdiction under 28 U.S.C. § 1332. Diversity jurisdiction exists only if there is diversity of citizenship between the parties and the matter in controversy exceeds the sum or value of $75,000. *See* 28 U.S.C. §1332(a). The party seeking to invoke diversity jurisdiction must establish that **complete diversity** existed at the time the action was commenced. *Advani Enterprises, Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 160 (2d Cir. 1998).

In his Complaint, Coon alleges that three of the defendants have New York addresses. Since plaintiff resides in New York and some of the defendants reside in New York, the parties are not completely diverse.

In light of Coon's *pro se* status, this Court has also considered whether it has subject matter jurisdiction of this action under 28 U.S.C. § 1331. "Federal question jurisdiction may be properly invoked only if the plaintiff's complaint necessarily draws into question the interpretation or application of federal law." *Village of Millbrook v. Forrest*, 903 F.Supp. 599, 600 (S.D.N.Y. 1995) quoting *State of New York v. White*, 528

F.2d 336, 338 (2d Cir. 1975). Coon's claims for property damage, personal injury, and breach of duty to compensate him for insured losses sound in state common law principles of contract and tort and do not raise a federal question. Thus, while plaintiff may have viable state court claims, the claims asserted in the Complaint are not claims over which this Court has jurisdiction.

Since plaintiff's Complaint, as presented to this Court, fails to state a claim upon which relief can be granted, it must be dismissed. In light of the foregoing, plaintiff's application to proceed *in forma pauperis* will be denied as moot.

WHEREFORE, it is hereby

ORDERED, that this action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and Rule 5.4(a) of the Local Rules of Practice of this District, and it is further

ORDERED, that plaintiff's application to proceed *in forma pauperis* is denied as moot, and it is further

ORDERED, that the Clerk serve a copy of this Order on plaintiff by regular mail.

IT IS SO ORDERED.

United States District Judge

Dated:   September 27, 2006
         Utica, New York.